Eastern District of Kentucky
FILED
NOV 5 - 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 07-153-DLB

HENRY LOUIS HOLMES  PLAINTIFF

VS:  **MEMORANDUM OPINION AND ORDER**

GRANT COUNTY DETENTION CENTER, ET AL.,  DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Henry Louis Holmes ("Holmes") has submitted a *pro se* 42 U.S.C. § 1983 complaint, together with a motion for leave to proceed *in forma pauperis* and a sworn statement of his institutional account balances for the last six months. [Dkt. 2, 3] The Court has granted Holmes's motion to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Holmes is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the court must dismiss a case at any time if it determines the action (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

I.  **BACKGROUND**

On June 14, 2007, Holmes, a prisoner incarcerated at the Grant County Detention Center, was unable to receive his insulin shot at the appointed time because there were no insulin syringes available. Holmes did receive his insulin shot later that day, but he indicates that in the interim he

became "very ill." Holmes filed an Inmate Grievance Form the same day complaining of the delay. The next day, Nurse Westmoreland responded to the grievance, stating "You are right, this should not have happened and this has been addressed with medical staff."

On August 24, 2007, the nurse did not give Holmes his blood pressure medicine at the appointed time, and indicates that he became very ill. Holmes again filed an Inmate Grievance Form the same day. Three days later, Nurse Rogers responded:

> Mr. Holmes, you will have your medication daily. If for some reason you do not receive your proper medication please let a member of medical [know] or have an officer contact medical and you will receive your meds promptly.

On September 1, 2007, Holmes gave certain legal documents to prison staff. Holmes alleges that Deputy Bailey discarded the documents because they related to litigation against the jail.

Holmes filed the present action on September 21, 2007.

## II. DISCUSSION

To the extent Holmes wishes to assert a claim regarding Bailey's treatment of his legal papers, the claim must be dismissed for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a) requires a prisoner challenging prison conditions pursuant to 42 U.S.C. § 1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). While Holmes filed timely grievances regarding his medical treatment and received prompt responses from jail staff, he filed no such grievance with respect to this issue.

Further, while the intentional destruction of legal materials is not to be condoned, Holmes does not contend that such action actually and substantially interfered with his right to access to the courts for the redress of grievances, and his filing of the present action a few weeks after the alleged incident would conclusively undermine any such contention. *Gordon v. Morton*, 2005 WL 1099761 (3rd Cir. 2005) (failure to demonstrate actual injury fatal to right-of-access claim); *Pruitt v.*

*Sparkman*, 2004 WL 729207 (5th Cir. 2004); *Jermosen v. Coughlin*, 877 F.Supp. 864 (S.D.N.Y. 1995) (inmate failed to state claim under Fourteenth Amendment for interference with right of access to courts for prison clerks' alleged confiscation of tape absent allegation that he was prejudiced in pursuit of his legal action or that his access to court was otherwise impaired). Accordingly, Holmes claim regarding the destruction or loss of his legal materials must be dismissed with prejudice.

Holmes's claims regarding the delay in his receipt of medical treatment on two occasions must also be dismissed. A failure to provide needed medical treatment to a prisoner violates the Eighth Amendment's prohibition against "Cruel and Unusual Punishments" where that failure is sufficient to evidence "deliberate indifference" to the plaintiff's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To meet this standard, the plaintiff must (1) be denied adequate care for medical needs that are sufficiently "serious" to implicate constitutional concerns; and (2) demonstrate that prison officials acted with "deliberate indifference" to those needs, a knowing and culpable state of mind demonstrated by circumstances such as "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Where treatment is provided but the inmate challenges merely its adequacy, there is no deliberate indifference so long as such care meets "minimal standards of adequacy." *Holmes v. Sheahan*, 930 F.2d 1196, 1199 (7th Cir. 1991) (quoting *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985)).

In this case, on two separate occasions two months apart, Holmes treatment was delayed for less than a day, causing him to become ill. While such a delay is unfortunate, there is no evidence that it was the product of a deliberate indifference to his medical needs. A brief delay in treatment is insufficient, by itself, to warrant any inference that medical staff were deliberately indifferent to

3

Holmes' medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The grievance responses provided by jail staff indicate not indifference to his medical care, but an apologetic attitude and an understanding of his need for prompt care. Accordingly, Holmes's Eighth Amendment claims must be dismissed.

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. This action is **DISMISSED**, *sua sponte*, with prejudice.

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

3. This is a **FINAL** and **APPEALABLE** order.

This 5th day of November, 2007.



Signed By:
*David L. Bunning*
United States District Judge